Ex Parte María Antonia Detrés, Petitioner and Appellee. Juana Ramona del Rosario Alvarez, Petitioner and Appellant.

No. 9336. Argued June 3, 1946.—Decided May 29, 1947.

*Jorge Díaz Cruz* for appellant. *Enrique Báez García* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The widow and the mother of José Nazario Alvarez, who died intestate, sought the judicial administration of the property of the deceased. The court, after a hearing and considering the evidence introduced, appointed the widow, María

356

Antonia Detrés, administratrix, whereupon she furnished bond. The mother has appealed,[1] and she urges that the lower court erred, first, in deciding that the evidence supports the capacity of the widow to act as administratrix and that there is no reason justifying her exclusion as such; and, second, in appointing the widow judicial administratrix on the ground that the statute in Puerto Rico establishes "a clear priority in favor of the surviving spouse."

 As to the first assignment, it will suffice to say that the court *a quo,* after weighing all the evidence presented, stated in its decision that it considered "sufficiently proved that the widow, María Antonia Detrés, had the necessary capacity to discharge the office of judicial administratrix; taking into account, furthermore, that part of the property was of a conjugal character and had been acquired during her marriage with the deceased . . ." and further on: "In the present case there has been no showing that the widow was disqualified to fill the office of administratrix. . . . No reason has been advanced justifying the appointment of a stranger as an administrator in preference to the widow, whose actions as administratrix would be secured by the bond furnished, by the accounts she might render, and by the supervision of the court over her."

We have read the transcript of the evidence in this case and we believe that the lower court did not err in weighing the evidence as a whole. It is true that in this case it is a woman who will manage a farm partially planted with sugar cane—the farm has 122 acres and 40 acres are planted with cane—and a small business of dry goods. Nevertheless, it was shown that the widow had worked in different commercial establishments for several years and during her marriage she helped her husband in the business. In our opinion the lower court did not commit manifest error in weighing the evidence and deciding that the widow was qualified to

---

[1] In 66 P.R.R. 476 we denied the dismissal of the appeal sought by the widow.

act as judicial administratrix; and, of course, it was not alleged nor proved that it acted with passion, prejudice, or partiality. The first error was not committed.

■■ As to the second, appellant seeks the overruling of our decision in *Díaz et al.* v. *Cividanes,* 23 P.R.R. 787, on which the lower court based its decision. In said case, construing § 564 of the Code of Civil Procedure (§ 31 of the Law of Special Legal Proceedings),[2] and after citing its precedents in the Law of Civil Procedure for Cuba and Puerto Rico of 1885, in the Spanish Law of Civil Procedure, and the commentaries of Manresa thereon, we held, at p. 792, the following:

"It cannot be denied that the wording of § 31 of the Special Legal Proceedings Act is somewhat vague, but a careful examination of the same shows that it gives the surviving spouse a preference regarding appointment as administrator.

"That preference is not only in harmony with the Spanish precedents which we have cited, but also with American and English jurisprudence to be found collected in Ruling Case Law under 'Priorities in Right of Administration.' See 11 R.C.L. 34 *et seq.* Besides it is in harmony with the provisions of the present Civil Code relating to the provisional measures to be taken in case of absence and to the precautions to be adopted when the widow is left pregnant. See §§ 94 and 932 of the Revised Civil Code.

"Of course, in recognizing the preference in favor of the surviving spouse we do not consider that it is so absolute that it should always prevail, for there might be cases in which powerful reasons would make it necessary to appoint another person as administrator."

Appellant argues that the word "may" used in the statute gives the judge the right to choose or elect the administrator

---

[2] Said Section provides:

"Section 564.—(31 L.) On the day and hour designated in the summons the judge after hearing, in person or by their counsel, the parties who appear, shall appoint an administrator. The judge may appoint the surviving spouse, or the party having the largest interest in the inheritance or in the estate, if he or she have the necessary capacity for the discharge of the duties of administrator, or if such capacity be wanting, or if the interest of all be equal or objections be made to such appointment, the judge shall appoint a stranger of well-known integrity and capacity."

from among the persons enumerated therein without establishing "a special priority for any of them," and that the doctrine laid down in *Díaz* v. *Cividanes, supra,* followed in *Sabater* v. *Escudero,* 23 P.R.R. 795, and *Iturrino* v. *Iturrino,* 24 P.R.R. 71, "insofar as they order a priority in favor of the surviving spouse is 'judge-made law' and should be modified in the sense of giving all the persons enumerated in § 564 of the Code of Civil Procedure the same right and opportunity of being appointed to act as administrator, according to the facts of the case and the sound discretion of the judge."

In *Díaz* v. *Cividanes, supra,* we did not "order" that preference be given to the surviving spouse. We merely decided that in view of the wording of § 31 of the Law of Special Legal Proceedings and its precedents, and taking into consideration the provisions of our Civil Code in similar situations, this Section establishes a preference where strong reasons are adduced—and the incapacity to discharge the duties of the office would be one of them by express provision of the code—the court may always appoint one of the other persons enumerated in said Section. The discretion granted to the judge by the statute has not been curtailed by our decision, inasmuch as he always retains the power of deciding whether or not the surviving spouse has the necessary qualification to discharge the duties of administrator. This is not a case where appellant has shown that our ruling in the *Díaz* case, *supra,* "be so manifestly erroneous that it can not be supported without doing violence to reason and justice," which would force us to alter it after being in effect for more than thirty years. *Ex parte García,* 44 P.R.R. 286; *Banco de Ponce* v. *Iriarte,* 60 P.R.R. 71.[3] On the contrary, we are of the opinion that the qualified preference given to the surviv-

---

[2] Cf. *Torres* v. *Roldán, ante,* p. 342, wherein upon being convinced that a part of the reasoning and legal conclusion which we reached in a similar case more than twenty years ago was erroneous, we overruled it as to that part.

ing spouse is based not only on the statute but also on the reason and justice of calling, in the first place, for the administration of the property, the person who during the lifetime of the deceased, lived with him, and helped him in some way to manage their property, as was shown in the case at bar, a part of said property being of a community character.

Since the errors assigned were not committed, the order appealed from will be affirmed.